UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALL PRO CAPITAL FUNDING, LLC., | ) ) ) | CASE NO.1:25CV1076 |
| Plaintiff, | ) ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) ) ) | ORDER |
| NORTHEAST OHIO NEIGHBORHOOD HEALTH SERVICES, INC. | ) ) ) ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on movant Jason LaPonza's Motion to Intervene as a Defendant. (ECF# 12). LaPonza contends he has a judgment lien on the real property that is the subject of this action. Pursuant to Fed. R. Civ. P 24, he seeks to intervene as a matter of right.

Plaintiff does not oppose the Motion however, Defendant Northeast Ohio Neighborhood Health Services, Inc. opposes the Motion arguing that it has a pending Motion to Vacate in the Cuyahoga County Court of Common Pleas, therefore, the issue of LaPonza's interest in the real property in question has not been finally established.

**LAW AND ANALYSIS**

LaPonza moves to intervene under Fed R. Civ. P. 24(a) which reads:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene

who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

" Regarding intervention of right, we have interpreted Rule 24(a) as establishing four elements, each of which must be satisfied before intervention as of right will be granted: '(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.'" *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000) quoting *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997); "Failure to meet [any] one of the [four] criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989). Rule 24 should be "broadly construed in favor of potential intervenors." *Purnell v. City of Akron,* 925 F.2d 941, 950 (6th Cir. 1991).

An analysis of the above factors militates in favor of granting LaPonza's Motion.

**Timeliness**

"The determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Jansen v. City of Cincinnati,* 904 F.2d 336, 340 (6th Cir. 1990). The Sixth Circuit has set forth five factors in determining whether a motion to intervene was timely filed: "(1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed

intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention." *Michigan Dep't of Envtl. Quality v. Ford Motor Co.,* 330 F.R.D. 475, 478 (E.D. Mich. 2019) citing *Jansen* at 340.

A review of these factors demonstrates LaPonza moved to intervene early while the case was still in its infancy. No schedule has been set and consequently there is no prejudice to any party. The case was filed on May 27, 2025. LaPonza obtained a judgment on the subject property on May 23, 2025, in Cuyahoga County Court of Common Pleas in case no. CV-25-118219. LaPonza subsequently obtained a lien on the property on May 28, 2025 and then filed this Motion on June 27, 2025. As a result, based on the above the Court holds LaPonza's Motion was timely.

**Legal Interest, Impairment to Protection of Interest and Inadequate Representation**

There is no question that Laponza possesses a significant legal interest in the case as he holds a judgment lien on the subject property and therefore, any disposition of the same would directly impact his lien. Moreover, it is axiomatic that any disposition of the subject property without his intervention would likely impair LaPonza's interest in the same. In *Mirjan, LLC v. Marc I. Strauss Children's Tr. II,* No. 1:21-CV-00356, 2021 WL 2581564, at *2 (N.D. Ohio June 23, 2021), the district court granted movant's intervention motion. The movant in *Mirjan* possessed a fifty percent share of Defendant's real estate company that was subject to a breach of contract and foreclosure action for failure to make payments on a mortgage. The court held that the movant, as a member of defendant company, had a "substantial legal interest in the subject

3

matter of the case because it has an interest in the real property that is the subject of the foreclosure claim." Furthermore, it held that "because Intervening Plaintiff's interest in the case is not aligned with Defendants to the extent Defendants will benefit from the sale of the property subject to the mortgage to satisfy Defendants' financial obligations to Plaintiffs, the Court finds that Intervening Plaintiff's ability to protect its interest may be impaired absent intervention and the parties already before the Court do not adequately protect that interest." *Id.*

Here, the same logic applied by the court in *Mirjan* applies to LaPonza's interest in the real property at issue. Particularly because both Plaintiff and movant have separate interests in the subject real property. Thus, movant's rights are not adequately represented in the case as it stands. Therefore, the Court finds the elements all favor intervention.

Defendant's opposition challenges LaPonza's rights in the subject property itself due to Defendant's pending Motion to Vacate movant's judgement and Motion to Stay. However, as movant correctly points out, such motions do not render the pending judgment unenforceable. "A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation." Ohio Civ. R. 60.

Therefore for the foregoing reasons, the Court grants LaPonza's Motion to Intervene.

IT IS SO ORDERED.

/s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge