# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ALL PRO CAPITAL FUNDING, LLC.,** | CASE NO.1:25CV1076 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| | OPINION AND ORDER |
| **NORTHEAST OHIO NEIGHBORHOOD HEALTH SERVICES, INC.** | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff All Pro Capital Funding, LLC.,'s Emergency Motion for Appointment of Receiver.[1] (ECF # 3). For the following reasons, the Court grants the Motion and appoints John K. Lane as Receiver for the properties described below.

## Background Facts

Plaintiff All Pro Capital Funding, LLC. ("All Pro") brings this action for Judgment on a Promissory Note, Foreclosure and for Appointment of a Receiver as the result of Defendant Northeast Ohio Neighborhood Health Services, Inc.'s ("NEONHS") default on its loan obligations to All Pro. All Pro is a Delaware company with its principal place of business in

---

[1] Although styled an "Emergency Motion" the parties requested and were granted additional time to file an Opposition and Reply brief. Thus, the Motion was not fully briefed until late August 2025.

New Jersey. Its members are citizens of New Jersey and Virginia. NEONHS is an Ohio-based corporation. Because the amount in controversy exceeds $75,000, the case is before the Court on its diversity jurisdiction.

According to its Complaint, All Pro provides private equity real estate investment opportunities while NEONHS operates community health centers. On May 27, 2025, Plaintiff All Pro filed its Complaint and its Emergency Motion for Appointment of Receiver. According to Plaintiff, on May 31, 2022, All Pro and Defendant Northeast Ohio Neighborhood Health Services, Inc. entered into a commercial loan agreement wherein All Pro agreed to lend NEONHS $11,000,000 with an interest rate of 11% per annum in exchange for a promissory note and mortgage on various real properties owned by NEONHS. Also, the agreement gave All Pro a security interest in various personal property of NEONHS. The maturity date on the loan agreement was June 1, 2023. In May of 2023, the parties agreed to extend the maturity date for an additional six months until January 1, 2024 in exchange for an increased interest rate of 14% per annum. NEONHS defaulted on the Note. Under the terms of the mortgage, All Pro has the right to foreclose and obtain a Receiver for the properties in question.

The "property" at issue is defined as:

> (i) the real estate described at ECF # 3-1 PgID 473-499) attached (the "Real Estate"); (ii) all fixtures, trade fixtures, improvements, tenant improvements, and other real property located in, upon, or attached to the Real Estate ("Fixtures"); (iii) all tangible and intangible property used or useable in connection with the Real Estate or business operations conducted therein and thereon (the "Project"), including without limitation any insurance premium refunds, insurance proceeds, condemnation awards, utility deposits and deposits of every other kind, causes of action, drawings, plans, specifications, escrow agreements, and other personal property described in the Mortgage (the "Personal Property"); (iv) all permits, licenses, and contracts pertaining to the Real Estate or the Project; (v) all Revenue and claims to Revenue; (vi) any refund or

reimbursement of taxes relating to the Real Estate or the Project, regardless of the period to which such refund or reimbursement pertains; (vii) all trade names, trademarks, and intellectual property owned or used by Defendant in connection with the Real Estate or the Project; (viii) all books, records, accounts, and documents that in any way relate to the Real Estate, the Project, or the Revenue; and (ix) all other property, estate, right, title, and interest of Defendant as described in the Mortgage and other Loan Documents.[2]

**Emergency Motion**

All Pro contends that a Receiver is necessary in light of NEONHS's financial condition. Moreover, pursuant to the language contained in the mortgage, NEONHS agreed to the appointment of a receiver in the event of default. In Section 4.8 of the Mortgage Agreement it reads in pertinent part:

> Upon the occurrence of an Event of Default and the expiration of any applicable cure period Mortgagee shall at once become entitled to the possession, use, and enjoyment of the Property and the rents, issues and profits thereof, from the date of such occurrence and continuing during the pendency of any foreclosure proceedings, and the period of redemption, if any. Mortgagee shall be entitled to a receiver for the Property, and of the rents, issues and profits thereof, after any such default, including, without limitation, the time covered by any foreclosure proceedings and the period of redemption, if any. Mortgagee shall be entitled to a receiver as a matter of right . . . . Mortgagor waives any right to any hearing or notice of hearing prior to the appointment of a receiver.

The above language demonstrates that NEONHS not only agreed to the appointment of a receiver in the case of default but further agreed that no hearing was needed prior to such appointment. Moreover, events have transpired recently that cause All Pro further concern that NEONHS is unable to pay its debts and manage its assets. First, it was the victim of fraud in the amount of $90,000 by former Cleveland councilman Basheer Jones. Second, a former contractor

---

[2] NEONHS does not challenge the definition or scope of the "property" as outlined by All Pro.

for NEONHS was found guilty of defrauding it of $840,000. Third, two creditors of NEONHS have filed suit against it in state court claiming they are owed over $2,500,000.

Upon default and pursuant to a Deposit Account Control Agreement ("DACA"), All Pro transferred funds from NEONHS's account totaling $4,190,000, leaving a remaining balance of $8,613, 222.50 due and owing.

According to All Pro, NEONHS stopped paying on its obligations to All Pro in September of 2024 and has refused any attempts to renegotiate. Given its default, unwillingness to negotiate, victimization in several fraud cases and the multiple collection suits against it, All Pro contends a receiver is necessary to protect All Pro's interest in NEONHS's real and personal property. All Pro contends the above issues demonstrate its assets in question are not adequately secured. Given the fraud issues and additional creditor suits, All Pro further believes NEONHS's current management team is inadequate.

## Law and Analysis

Under Federal Rule of Civil Procedure 66, a "district court enjoys broad equitable powers to appoint a receiver over assets disputed in litigation before the court." *Mae v. Hatz One LLC,* No. 1:24-CV-1606, 2025 WL 660158, at *2–3 (N.D. Ohio Feb. 28, 2025) quoting *Liberte Capital Grp., LLC v. Capwill,* 462 F.3d 543, 551 (6th Cir. 2006). "A receivership is an 'extraordinary remedy' that a court should employ with the 'utmost caution' and grant 'only in cases of clear necessity to protect plaintiff's interests in the property.' " *Pension Ben. Guar. Corp. v. Evans Tempcon, Inc.,* 630 F. App'x 410, 414 (6th Cir. 2015) (quoting 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2983). "There is no precise formula for determining when appointment is warranted[.]" *Integrity Energy, Ltd. v. Hunter,* No.

4

18-cv-978, 2021 WL 3109909, 2021 U.S. Dist. LEXIS 136291 *2 (N.D. Ohio July 22, 2021) (citing *De Boer Structures (U.S.A.), Inc. v. Shaffer Tent & Awning Co.,* 187 F.Supp.2d 910, 925 (S.D. Ohio 2001)). Courts consider the following factors:

> ((1) "whether [the party] seeking the appointment has a valid claim"; (2) "whether there is fraudulent conduct or the probability of fraudulent conduct," by the defendant; (3) whether the property is in imminent danger of "being lost, concealed, injured, diminished in value, or squandered"; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) "the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property"; and, (7) "whether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership."

*Citizens Bank v. Cedar Fairmount Realty, Ltd.,* No. 1:11CV1492, 2011 WL 13228872, at *4 (N.D. Ohio Dec. 9, 2011). Courts also consider whether the parties agreed in advance to the appointment of a receiver. *PNC Bank, Nat'l Ass'n v. Marketing Goldmines Consulting LLC,* No. 20-cv-10672, 2021 WL 21762, 2021 U.S. Dist. LEXIS 604 *6 (E.D. Mich. Jan. 4, 2021).

The party seeking the appointment of a receiver bears the burden of proof. See *PNC Bank Nat'l Assoc. v. Goyette Mechanical Co. Inc.,* 15 F.Supp.3d 754, 758 ( E.D. Mich. 2014). (Rule 66 "authorizes the appointment of a receiver if a person with interest in the property provides sufficient justification."). Because the nature of the relief is "extraordinary," courts have explained the burden is "heavy." *Citizens Bank, N.A. v. Nostrum Laboratories, Inc.,* No. 23-20765, 2024 WL 3199951, 2024 U.S. Dist. LEXIS 113327 *14 (D.N.J. June 27, 2024). ("The party seeking appointment...bears the heavy burden of justifying the need for a receiver).

"The general rule is that a receiver will not be appointed unless it appears that the appointment is necessary either to prevent fraud or to save the property from irreparable injury or

5

threatened loss or destruction." *Macon Lumber Co. v. Bishop & Collins*, 229 F.2d 305, 307 (6th Cir. 1956). "The appointment of a receiver for a solvent going business corporation is a drastic measure which will be taken by a court of equity in the exercise of its discretion only where there is imminent danger of loss... and there is no adequate remedy at law. *Id.* While the appointment of a receiver is in the Court's discretion, it is "an extraordinary remedy that is only justified in extreme situations." *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.,* 999 F.2d 314, 316 (8th Cir.1993). The Court will consider the above factors.

### Valid Claim

Here, both sides agree that NEONHS missed its September 2024 payment obligation and has made no payment on the loan since September 2024. Thus, per the parties' agreement, All Pro has a valid claim and this factor supports the appointment of a receiver.

### Fraudulent Conduct of Defendant

"It is well settled that proof of fraud is not required to support a district court's discretionary decision to appoint a receiver." *PNC Bank, Nat'l Ass'n v. Legal Advoc., P.C.,* 626 F. Supp. 3d 972, 980 (E.D. Mich. 2022). No party has provided evidence that Defendant engaged in any fraudulent conduct nor does Plaintiff allege the same. However, the Court notes that recently the Ohio Attorney General has filed an action in Cuyahoga County Court of Common Pleas calling into question NEONHS's business practices and failure to produce business records as requested by the Ohio Attorney General's Office. Federal Rule of Evidence 201 provides for "judicial notice of an adjudicative fact only, not a legislative fact." It explains that a court may "judicially notice a fact that is not subject to reasonable dispute because it": (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

readily determined from sources whose accuracy cannot reasonably be questioned.

As another judge in this district held in a similar case, courts can take judicial notice of the fact that a lawsuit was filed, or that an investigation was conducted as these represent "a fact that is not subject to reasonable dispute." See *Kovacs v. University of Toledo,* 2023 WL 6518077, at *1 (N.D. Ohio) (citing *Changizi v. Dep't of Health & Hum. Servs.*, 82 F.4th 498, 498 n.7 (6th Cir. 2023)). Moreover, "Federal courts may take judicial notice of proceedings in other courts of record. *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980). Consequently, the Court finds this factor to be a wash but notes that the allegations in the Ohio Attorney General Complaint could erode creditor confidence that their assets are safe.

**Danger to the Value of the Property at Issue**

All Pro argues its collateral may not be adequately secured given NEONHS's financial troubles, including its failure to make the agreed upon payments for nearly a year, multiple other creditor suits and NEONHS's victimization in two separate fraud schemes. In addition, NEONHS has refused multiple attempts by All Pro to communicate on these issues. Moreover, NEONHS admits it is seeking new loans but so far the Court has not been apprised as of this date that new funding has been obtained.

NEONHS disputes that it has not communicated with All Pro but instead contends it sought to negotiate on the loan but that All Pro's terms were onerous and unacceptable. However, it does not dispute it has failed to satisfy the terms of the loan and has not yet found additional financing. Thus, the Court holds there is a danger of diminished value in the property at issue. This supports the appointment of a Receiver.

**Inadequacy of Less Drastic Legal Remedies**

According to All Pro, NEONHS's inability or unwillingness to work with them on the outstanding debt indicates that no other legal remedy will resolve this issue while protecting All Pro's interests.

NEONHS disputes All Pro's contention that it refuses to engage in discussions over the debt.  NEONHS asserts that it reached out several times to All Pro in an attempt to negotiate on the debt but found All Pro's terms unreasonable.

Neither side posits a less drastic legal remedy that would ensure All Pro's interests are protected in the asset.  Given the substantial amount of debt still owed on the property and given that as of this opinion, NEONHS has failed to obtain other financing, the Court finds this factor favors the appointment of a receiver.

**Whether Plaintiff's risk of harm absent a receiver outweighs the NEONHS's risk of harm with a receiver**

NEONHS asserts that the risk to the community in being deprived of health services provided by NEONHS is greater should a receiver be appointed.  Moreover, NEONHS relies in part on Medicare and Medicaid reimbursements for health care services it provides.  Both of these along with NEONHS's ability to obtain additional financing are at risk if a receiver is appointed.  Also, there is the risk of loss of employment for employees of NEONHS.

NEONHS provides the declaration of Charles Lytle, a board member of NEONHS. Lytle's declaration describes events that he asserts led to NEONHS's default, including a fire at its Hough facility and ransomware attack.  Lytle declares NEONHS is meeting payroll of its employees and is seeking new sources of funding.  However, his declaration does not address its

8

status with other creditors.

Additionally, NEONHS challenges the qualifications of All Pro's choice of receiver, contending he lacks any experience in managing health care facilities. In particular, there are complex governmental regulations that entities such as NEONHS are required to abide by in order to obtain government reimbursements which the proposed receiver lacks any experience in navigating.

All Pro argues that it has been almost a year since NEONHS made any payment on the loan. This failure has occurred without the benefit of a receiver. Thus, NEONHS's ability to pay creditors could hardly suffer from a receiver with experience in managing financially distressed entities.

The Court finds that the existence of multiple creditor actions, the existence of a suit by the Ohio Attorney General and the inability of NEONHS to make any payments on its debt to All Pro all demonstrates that the benefit of a receiver outweighs any harm to NEONHS.

**Plaintiff's Probable Success**

Given the parties' agreement that the loan agreements were entered into and that NEONHS has defaulted on the terms of those agreements, this factor weighs in favor of a receiver.

**Defendant's Consent to the Appointment of a Receiver Without a Hearing**

The documents in this instance speak for themselves. Per their mortgage agreement, NEONHS agreed not only to the appointment of a receiver in the event of a default but further agreed that no hearing was needed prior to the appointment. In *Mae v. Hatz One LLC*, a District Court for the Northern District of Ohio discussed the relevance of a consent noting it can either

be dispositive, or can be just one important factor to consider. 2025 WL 660158, at *6 (N.D. Ohio Feb. 28, 2025). That court along with others have found a consent to be a "strong factor weighing in favor of appointing one. See *PNC Bank, Nat'l Ass'n,* 2021 WL 21762, at *3..

This Court agrees that the parties' own agreement to the appointment of a receiver weighs strongly in favor of such appointment because with any contract a court "must give effect to the intent of the parties." *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.,* 86 Ohio St.3d 270, 273, 714 N.E.2d 898 (1999). The Court presumes the intent of the parties will "reside in the language they choose to use in their agreement." *Shanesville Invs. LLC v. Eclipse Res. I, LP*, 358 F. Supp. 3d 665, 670 (S.D. Ohio 2018).

**Qualifications of the Receiver**

All Pro proposes John K. Lane as receiver. Lane's CV demonstrates he has over forty-five years of experience in financial, business, technical and operational enterprises and has been appointed a receiver in numerous districts. He has receivership experience over trucking, fashion design, manufacturing and nursery companies. He has been CEO, CFO and CRO as well as the financial advisor to a Chapter 11 bankruptcy trustee. He has experience in turning around failing companies as CEO and Managing Director of Inglewood Associates, Inc. His education background is in accounting.

The Court finds Lane is well qualified to serve as Receiver over NEONHS given his experience and education. NEONHS objects that he lacks experience in overseeing a healthcare provider but those fears are more than allayed by Lane's general business and financial experience, his intent to rely upon the medical expertise of NEONHS's medical staff and his further inclusion of his associate Mike Ferkovic, who possesses relevant experience in healthcare

clinic management.

In short, the multiple creditor actions, NEONHS's failure to make any payments in a year's time, its failure to obtain additional funding, the parties' agreement to a receiver in the event of default and the allegations raised by the Ohio Attorney General all militate in favor of the appointment of a receiver and the Court grants All Pro's Emergency Motion. The Court will enter a forthcoming order specific to the appointment of a receiver.

IT IS SO ORDERED.

/s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated: November 13, 2025